# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTHELA AGENTINA SOLIS YANEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SUNRUN, INC., et al., <br><br> Defendants. | Case No. 1:25-cv-01786-JLT-SAB <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFFS' APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING PLAINTIFFS TO PAY THE FILING FEE <br><br> (ECF Nos. 2, 5, 7) <br><br> **OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

Plaintiffs Esthela Agentina Solis Yanez, Frank Harley Silva Sr., Jake Alexander Yanez, and Frank Harley Silva Jr. (collectively, "Plaintiffs"), proceeding *pro se*, commenced this action on December 9, 2025.  (ECF No. 1.)  Plaintiffs did not pay the filing fee, and instead, only Jake Yanez filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)  From his application, the Court was unable to determine if Jake Yanez was qualified to proceed *in forma pauperis*.  The Court also observed that Plaintiffs Esthela Yanez, Frank Silva Jr., and Frank Silva Sr. did not each file an application.  Accordingly, the Court ordered that all Plaintiffs would have 21 days within which to pay the filing fee or each submit a long form application to proceed *in forma pauperis*.  (ECF No. 4.)

On December 22, 2025, Plaintiff Jake Yanez timely filed a long form application, which the Court found to be sufficient in order to determine whether he qualified to proceed *in forma pauperis*.  (ECF No. 6.)  Yet, no other Plaintiff filed an application.  The Court reiterated that **all**

1

Plaintiffs were required to file an application to proceed *in forma pauperis* in order for the Court to make a determination on this matter.  (Id.)  In an abundance of caution, the Court gave the remaining Plaintiffs an additional 21 days within which to each file a long form application to proceed *in forma pauperis*.  (Id.)

Plaintiffs were due to file their applications, or pay the filing fee, by January 26, 2026. To date, the only filing is from January 30, 2026, which is an unsigned long form application to proceed *in forma pauperis*—ostensibly filed by Plaintiff Jake Yanez.  (Compare ECF No. 7 with ECF Nos. 2, 5.)

In light of this, the Court will issue findings and recommendations recommending the District Judge deny the application to proceed *in forma pauperis* and order that Plaintiffs pay the filing fee.

In order to proceed in court without prepayment of the filing fee, a plaintiff must submit an affidavit demonstrating they are "unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  The right to proceed without prepayment of fees in a civil case is a privilege and not a right.  Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 n.2 (1993); Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of *in forma pauperis* status does not violate the applicant's right to due process").  A plaintiff need not be absolutely destitute to proceed *in forma pauperis* and the application is sufficient if it states that due to his poverty he is unable to pay the costs and still be able to provide himself and his dependents with the necessities of life.  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948).  Whether to grant or deny an application to proceed without prepayment of fees is an exercise of the District Court's discretion.  Escobedo v. Applebees, 787 F.3d 1226, 1236 (9th Cir. 2015).

"Where there are multiple plaintiffs in a single action, the plaintiffs may not proceed in forma pauperis unless *all of them* demonstrate inability to pay the filing fee."  Darden v. Indymac Bancorp, Inc., No. Civ S–09 2970 JAM DAD PS, 2009 WL 5206637, at *1 (E.D. Cal. Dec. 23, 2009) (finding that *in forma pauperis* applications failed to establish that each plaintiff was

unable to pay the filing fee or that the five plaintiffs together could not pay the filing fee); see also Anderson v. California, No. 10-cv-2216 MMA AJB, 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010) ("[A]lthough only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed *in forma pauperis*, each plaintiff must qualify for IFP status."). Even if Plaintiff Jake Yanez were individually qualified to proceed *in forma pauperis*, Plaintiffs Esthela Yanez, Frank Silva Sr., and Frank Silva Jr. are also named plaintiffs in this action. Because the Court has given these Plaintiffs multiple chances to each file long form applications to proceed *in forma pauperis*, now, in the absence of even an attempt to comply with the Court's orders, the Court will recommend denying the application to proceed *in forma pauperis* and requiring Plaintiffs to pay **one** filing fee to proceed in this action.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiffs' application to proceed *in forma pauperis* (ECF Nos. 2, 5, 7) be DENIED and Plaintiffs be ordered to pay the $405.00 filing fee for this action.

These findings and recommendations are submitted to the District Judge to be assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, Plaintiffs may file written objections to this findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiffs are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014), citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**Should Plaintiffs Esthela Agentina Solis Yanez, Frank Harley Silva Sr., and Frank Harley Silva Jr. each file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239 during the objection period, the Court will reconsider the application.**

IT IS SO ORDERED.

Dated:     **February 2, 2026**                                          

STANLEY A. BOONE
United States Magistrate Judge

4